The State v. Washington.

The State v. Darling Washington and Another.

An indictment charging that the defendants on &c., at &c., with force and arms, in the county of Rusk, aforesaid, were unlawfully assembled together in a certain public street or highway, in the town of New Salem, in the said county of Rusk, and then and there being so unlawfully assembled together, and arrayed in a warlike manner, then and there did make an affray, to the great terror of divers good citizens of our said State of Texas, then and there being, contrary, &c., is a good indictment for an affray, without further allegation of fighting.

Appeal from Rusk. Tried below before the Hon. William W. Morris.

Indictment of Darling Washington and William Phillips for an affray. The charging part of the indictment is stated in the synopsis of this report. The defendants excepted and moved to quash, on the ground that it was not alleged that any fighting took place. The District Attorney amended by reading after the word "affray," in the indictment, the words "by then and there fighting each other with their fists, and by striking each other with sticks, which the said Darling Washington and the said William Phillips then and there had and held in their hands." The defendants excepted to the amendment on the ground that it was matter of substance. The Court sustained the exceptions and quashed the indictment.

*Attorney General*, for appellant.

WHEELER, J. The indictment is in accordance with precedent, English and American. (Precedents of Indictments, &c., by Wharton, p. 489.) It was so adjudged and approved by the unanimous opinion of the Supreme Court of the Repub-

lic, pronounced by Judge Ochiltree in the case of Sadler v. The Republic, (Dallam, 610.) There was no occasion for the proposed amendment. The indictment was unquestionably good and sufficient.

Judgment reversed and cause remanded.

Reversed and remanded.